## CONTINENTAL OIL CO. et al. v. HALL et al.

No. 21677. Opinion Filed Sept. 22, 1931.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Preston C. Clarke, for respondents.

CLARK, V. C. J. This is an original action filed in this court to review an award of the State Industrial Commission, made and entered on the 9th day of August, 1930, in favor of respondent, Forest Hall, wherein the Industrial Commission found that respondent was in the employ of the Continental Oil Company, was engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law.

That on the 6th day of July, 1927, claimant (respondent here) sustained an accidental personal injury to his right arm, to the extent of 50 per cent. disability to his arm. The Commission further found that respondent had been paid compensation for temporary total disability, and entered an award for 125 weeks at the rate of $18 per week for 50 per cent. loss of use of respondent's right arm.

Petitioners contend:

"There is no competent evidence in the record to support the finding of the Com-

mission that the claimant (respondent here) had sustained a 50 per cent. permanent partial loss of the use of his arm, due to an accidental injury arising out of and in the course of his employment."

The evidence disclosed that claimant, respondent here, received a fracture of his right arm. Dr. Thomas Lynch, who examined respondent, testified in part as follows:

"Q. In your opinion, Doctor, what per cent. does he have total disability in the use of his right arm permanently? A. He has that permanent disability, now I estimated it at 60 per cent. of the use of the arm. By Judge Doyle: Q. You say 60 per cent. permanent loss of the use of that arm? A. Yes, sir, certainly that much and that is permanent."

Dr. Garrett testified that it was hard for him to fix the per cent.; that it was around one-half or a little less than the normal arm at the present time.

He further testified that, in his opinion, not more than half of the present disability was due to the recent accident.

The record further disclosed that respondent had had a fracture of this arm at the time he was about one year old. It is the contention of petitioners here that said disability or the loss of the use of the arm, was result of the previous fracture and not the result of the recent accident.

Claimant testified he was 26 years of age, and that he figured that he had lost 75 per cent. of the use of the arm; he testified that his arm was broken when he was a small child, he did not remember, but along about when he was one year old. "From the time I can remember it never gave me any trouble until the date of the injury." He played four years of football, basketball, and track work, and it never bothered him all during that time, and that he finished high school in 1924, and testified as follows:

"Q. Did you play baseball with that arm? A. Yes, sir."

R. H. Turner testified that he had known respondent six years; that he knew him prior to the time he was injured, while working for the Continental Oil Company, and that he had occasion to see him doing manual labor. He further testified as follows:

"Q. Before that date, did you ever have occasion to see him doing manual labor? A. Yes, sir. Q. What kind of work? A. Oil field work. Q. What kind of work? A. Pumping at Blackwell, Okla., and in that area. Q. Did you ever see him help clean out the well? A. I have seen him starting his engine. Q. Did he favor either his left or right arm? A. No, sir, not that I could tell. Q. Was he apparently any stronger in one arm than in the other? A. I never did hear any complaint. Q. In watching him work, could you see any weakness in either arm? A. No, sir."

He further testified that he had been with respondent quite a bit, and also used to go hunting with him; had seen him climb trees and jog squirrels out of trees. "I suppose he had to have pretty good arms to climb a tree and do that."

The evidence is clear that claimant had sustained 50 per cent. or more loss of the use of the right arm, and that such condition was permanent. The benefits of the Industrial Law are not limited to perfectly healthy human beings.

Claimant, prior to the accident, had an arm which may have or may have not been defective; however, it was sufficient to enable him to perform manual labor and receive wages therefor. The purpose of the Industrial Law is to compensate a laborer for loss of earning capacity, for the waste of man power, caused by industrial accidents. The fact that claimant had a prior injury when a very small child, which had in no way incapacitated him for the usual oil field work, cannot be taken into consideration in arriving at the amount of compensation to which he is entitled by reason of an accidental injury. Where there is any competent evidence reasonably tending to support the findings and judgment of the Industrial Commission, the same will not be disturbed by this court on review.

Judgment and award of the Industrial Commission is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.

Note.—See under (1) Annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186. (2) 28 R. C. L. 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation Acts, § 116.