## INDEPENDENT OIL WELL CEMENTING CO. et al. v. CURTIS et al.

No. 23843. Opinion Filed May 9, 1933.

Rehearing Denied June 13, 1933.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Murrah & Bohanon and J. Berry King, Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent and its insurance carrier before the State Industrial Commission, to review an award in favor of the claimant therein.

The claimant received an accidental personal injury on January 19, 1932, while working for the petitioner, Independent Oil Well Cementing Company. The injury was caused by cement sacks being thrown in the face of the claimant, causing cement to get into his eyes. Compensation was paid for a period of seven weeks for temporary total disability. Thereafter a hearing was had to determine the extent of permanent loss of vision caused by the accident. The State Industrial Commission found that as a result of the injury on January 19, 1932, the

claimant was temporarily totally disabled from January 19, 1932, to March 14, 1932; that on May 10, 1930, the claimant sustained a personal injury while in the employment of the Halliburton Oil Well Cementing Company in the state of Texas; that by reason of that injury he sustained a total loss of vision in his left eye and a 5 per cent. loss of vision in his right eye; that by reason of the injury on January 19, 1932, the claimant "has been rendered totally and permanently disabled by reason of the total loss of vision in the left eye and industrial blindness in the right eye," and that the claimant was entitled to an award of compensation for 500 weeks at $18 per week, or $9,000, less the sum of $126 theretofore paid.

The petitioners contend that there is no competent evidence to sustain the finding that the claimant's loss of vision is due to the accident on January 19, 1932.

The record discloses the testimony of a number of expert witnesses. The decided weight of their testimony was to the effect that the claimant's right eye showed an industrial loss of vision due to myopia or near-sightedness and optic atrophy in no way caused from or associated with the accident of January 19, 1932. There is, however, expert testimony to the effect that the loss of vision sustained by the claimant since his injury in Texas in 1930 is due to the injury received on January 19, 1932. This court will not review findings of fact based on conflicting evidence.

The petitioners contend that the State Industrial Commission erred in awarding the claimant compensation for 500 weeks for permanent total disability. They base that contention on the fact that the claimant has been paid heretofore for a total loss of vision of the left eye and a 5 per cent. loss of vision to the right eye.

If the claimant is paid compensation for 500 weeks, the maximum compensation authorized by the statutes of Oklahoma for an accidental personal injury, in addition to the compensation heretofore paid for the injury to his eyes in the state of Texas, he will have received more than he could recover if both of his eyes had been completely destroyed in one accident. This court should give no such construction to the law unless the statute clearly provides therefor. Our statute provides therefor.

Such a question was before this court in Nease v. Hughes Stone Co., 114 Okla. 170, 244 P. 778. Therein this court called attention to what is now subdivision 6, sec. 13356, O. S. 1931, the provisions of which are as follows:

"The fact that an employee has suffered previous disability, or received compensation therefor, shall not preclude him from compensation for a later injury; but in determining compensation for the later injury his average weekly wages shall be such sum as will reasonably represent his earning capacity at the time of the later injury"

—and therein this court held:

"Under section 7290, subdivisions 1 and 6, C. O. S. 1921, where an employee who had previously lost the sight of his left eye, received an injury in the course of his employment destroying his right eye, thereby leaving him permanently and totally disabled, held, that he is entitled to compensation for permanent total disability.

"Total disability, as used in the Workmen's Compensation Law of this state, takes no account of a state of partial disability or impaired health existing in the claimant previous to the happening of the accident claimed to have caused such total disability."

By that decision an award of the State Industrial Commission was vacated and the cause was remanded with directions to award the claimant compensation for permanent total disability though there had been a prior injury and disability.

Under that decision and the plain and unambiguous terms of subdivision 6, supra, the fact that the claimant has suffered previous disability and has received compensation therefor does not preclude him from compensation for the injury complained of in this case. However, the amount of his compensation must be determined as provided in subdivision 6, supra.

It must be noted that subdivision 6, supra, provides a special method for the determination of the average weekly wages, which is materially different from the provisions for the determination of the average weekly wages in section 13355, O. S. 1931. There is no question raised in this case as to the method used in the determination of the average weekly wages.

In Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 282 P. 293, in discussing the relative compensation to be allowed for the loss of one or both eyes, this court said:

"Under the contention of the petitioners herein, the respondent was entitled to compensation for 100 weeks for the total loss

of the left eye and for 50 weeks for the 50 per cent. loss of vision of the right eye, or a total of 150 weeks. We do not think this was the intention of the lawmakers, but it was, no doubt, the clear intent in providing compensation for the loss of one eye to fix compensation for the loss of one of two sound eyes. It was, doubtless, recognized that a workman might lose one eye and still be able to perform many kinds of work, hence the allowance of compensation for 100 weeks for the loss of one eye, while the loss of both eyes, under the terms of the act, constitutes permanent total disability, and compensation is allowed for 500 weeks. The loss of the second eye, therefore, authorizes four times the amount of compenastion as the loss of the first."

The rule stated in Nease v. Hughes Stone Co., supra, and the rule stated in Maryland Casualty Co. v. State Industrial Commission, supra, have been applied by this court consistently, and they will be applied to the facts shown by the record in this case.

It must be kept in mind that the provisions of subdivision 1, section 13356, supra, relate to compensation for total disability adjudged to be permanent. Under the provisions of that section, if there is total disability which is adjudged to be permanent an award must be made payable to the employee during the continuance of such total disability not exceeding 500 weeks. It will be noted that the maximum number of weeks is fixed thereby, and that there is no minimum number of weeks fixed thereby. The amount of weekly compensation is to be determined either under the provisions of section 13355, supra, or under the provisions of subdivision 6, supra, in accordance with the facts.

By the provisions of subdivision 1, supra, the State Industrial Commission is authorized to determine whether or not there is total disability and whether or not that total disability is permanent. Each of those questions is a question of fact to be determined from the evidence. In determining those questions the State Industrial Commission is authorized to find and adjudge that the loss of both eyes constitutes permanent total disability, except only where there is conclusive proof to the contrary. That element of proof is lacking in this case, and the finding of the State Industrial Commission of permanent total disability must be sustained.

If we keep in mind the fact that the compensation to be awarded under the provisions of subdivision 1, supra, is for total disability adjudged to be permanent, and not for the loss of both eyes, we can understand the distinction made in Wise-Buchanan Coal Co. v. Risco, 150 Okla. 190, 1 P. (2d) 411, and the other decisions to the same effect, wherein compensation was awarded for permanent partial loss of sight of an eye, under the provisions of subdivision 3, section 13356, supra. Under the provisions of subdivision 1, supra, permanent total disability may be caused by the loss of both eyes, although there is but a small percentage of vision lost. In other words, an employee who is not permanently totally disabled because he has sufficient vision in his eyes to enable him to perform his work, although that percentage of vision is small, may become permanently totally disabled through the loss of that small percentage of vision. On the other hand, as stated in Wise-Buchanan Coal Co. v. Risco, supra, there can be no loss of vision caused by an injury when the vision has been lost prior to the injury, and it is equally clear that the percentage of vision lost by reason of an injury can be no greater than the percentage of vision existing at the time of the injury. We have called attention to this distinction because of the stress placed by the petitioners on the subject.

The petitioners contend that credit should have been allowed for the amount paid for temporary total disability. Such an allowance was made by the provisions of the award.

We must conclude, therefore, that the claimant was entitled to 500 weeks in the total sum of $9,000, less the sum of $126 theretofore paid as temporary total disability.

The award of the State Industrial Commission is affirmed.

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. RILEY, C. J., and BUSBY, J., absent.