McQUISTON et al. v. TYLER et al.

*97 P. 2d 552.*

No. 27146. Dec. 6, 1938.

Rehearing Denied July 11, 1939.

Application for Leave to File Second Petition for Rehearing Denied Jan. 9, 1940.

Hal Crouch, P. N. Landa, Chris L. Rhodes, and A. G. Crowe, for petitioners.

Waldrep & Skinner, for respondents.

CORN, J. This is an original action in this court brought by J. H. McQuiston and his insurance carrier, hereinafter referred to as petitioners, to obtain a review of an award made by the State Industrial Commission in favor of J. C.

Tyler, hereinafter referred to as respondent.

On September 16, 1931, the State Industrial Commission found that the respondent had sustained an accidental injury resulting in a double hernia, and thereupon made an award in favor of the respondent for eight weeks' compensation and the cost of a double hernia operation. The petitioners complied with the award so made. Thereafter the respondent sought compensation for permanent total disability, which he alleged had resulted by reason of the failure of the operations to effect a cure of his former condition. The Industrial Commission heard the parties and upon conclusion thereof entered an order on February 10, 1936, wherein it found that the evidence of respondent was insufficient to establish permanent disability, and denied respondent's claim for further compensation. Respondent, on February 13, 1936, filed a motion with the commission wherein he sought the vacation of the order denying him compensation and requested oral argument on his motion. This motion was heard on February 24, 1936, on which the parties appeared before the commission and by stipulation offered in evidence a report of Dr. Leroy Long, Sr. In so far as the record discloses, this was the only proceeding had before the commission at that time. Thereafter, on April 11, 1936, the respondent requested the commission to enter an order nunc pro tunc whereby the order of February 10, 1936, would be shown of record as having been vacated February 24, 1936. The motion of respondent was verified, and therein it was stated that in truth and in fact the commission had made an order on February 24, 1936, whereby it vacated the prior order of February 10, 1936, but that through oversight and inadvertence said order had not been entered or any record made thereof. The commission on the same day entered an order nunc pro tunc wherein it recites in substance that on February 24, 1936, it had vacated said previous order of February 10, 1936, but that through inadvertence and oversight the same had not been recorded or shown in the record of the proceedings had by the commission, and directed that said order be entered on the records as of February 24, 1936, and immediately thereafter proceeded to enter the award which we are now called upon to review.

In this award the commission found that the respondent had sustained a permanent total disability as the result of his accidental injury and awarded him compensation for a period of 500 weeks, less any sums theretofore paid.

First and foremost, the petitioners contend that the nunc pro tunc order is void, thereby leaving the order of February 10, 1936, effective, and that the order of April 11, 1936, awarding compensation as aforesaid is ineffective and void for the reason that no appeal was taken from the order of February 10, 1936, within 30 days, as provided by section 13363, O. S. 1931, and the same became final, and that the commission was without jurisdiction to vacate said order after the expiration of 30 days.

The petitioners insist that the evidence, to justify the entry of an order nunc pro tunc, must be record evidence, which shows in itself, without the aid of parol evidence, that the alleged judgment was rendered, and that, since the record fails to show any entry or record of the order of the commission vacating its order of February 10, 1936, the order nunc pro tunc was entered upon insufficient evidence and is void.

The rule which petitioners are contending for, with the exceptions thereto, is found in 34 C. J. 79, and is as follows:

"In order that a judgment may be entered nunc pro tunc, it is necessary that there be evidence that a judgment was actually rendered, except, of course, cases where the judgment may be both rendered and entered nunc pro tunc. According to the generally accepted rule, the evidence to justify the entry of a judgment nunc pro tunc must be record evidence, that is, some entry, note, or memorandum from the records or quasi records of the court, which shows in itself, without the aid of parol evidence, that the alleged judgment was ren-

dered. But according to some authorities an entry nunc pro tunc may be ordered on any evidence that is sufficient and satisfactory, whether it is parol or otherwise. Other authorities hold that when the fact that a judgment was formerly rendered is established by record evidence, it is proper to admit parol proof for the purpose of showing its date, character, and terms, and the relief granted. Great caution will be exercised in basing a nunc pro tunc entry on parol evidence. Parol evidence is admissible to establish extrinsic facts sufficient to defeat the application. The presumption is that a judgment entered nunc pro tunc at a subsequent term was based upon competent evidence."

A judgment nunc pro tunc presupposes a judgment actually rendered at the proper time, but not entered, and it is a general rule that a judgment nunc pro tunc cannot regularly be entered unless such judgment has been in fact previously rendered. An exception to this rule, equally well established, and the one above referred to, is that a judgment may be both rendered and entered nunc pro tunc where the delay was caused solely by the court itself, or the process of the law, and not by the fault of the prevailing party. 34 C. J. 72. And whenever delay in entering a judgment is caused by the action of the court, as in holding the case under advisement, judgment nunc pro tunc will be allowed as of the time when the party would otherwise have been entitled to it, if justice requires it. 34 C. J. 73.

Oklahoma is one of a number of states following the more liberal rule that an order for the entry of a nunc pro tunc judgment may be made upon parol or other evidence extrinsic of the record. Courtney v. Barnett, 65 Okla. 189, 166 P. 207; Co-Wok-Ochee v. Chapman, 76 Okla. 1, 183 P. 610.

In the case of Co-Wok-Ochee v. Chapman, supra, this court held, as set forth in paragraphs 4 and 5 of the syllabus, as follows:

"The court wherein a judgment is entered, in furtherance of justice and for the purpose of making its record speak the truth, may proceed to correct the same on any evidence satisfactory to itself, whether oral or documentary, record or otherwise, and it is for the court to say what is the kind and amount of evidence requisite to show that the amendment should be made, but where there is no record or quasi record evidence the court should act with great care and caution.

"The rule is that application to amend or correct the judgment is addressed to the sound discretion of the court wherein the judgment was entered, and the action will not be interfered with by an appellate court unless an abuse of discretion is manifest."

The failure of the clerk to make entry of the order leaves the record silent as to whether or not the order was made, but the order nunc pro tunc itself sets forth a finding and recital of facts upon which it is based, the same being as follows:

"That the commission en banc and while in session, and on the 24th day of February, 1936, ordered and adjudged that the former order in this case entered on the 10th day of February, 1936, should be and was vacated, set aside and held for naught, and thereafter granted claimant time in which to brief said matter for further hearing by the commission; that the commission further finds that no written record of said order was made at the time, but the announcement and decision was by said commission made and the same was ordered at such time to be reduced to writing, but through an error or oversight, said matter was not filed or written; and the commission further finds that it should enter its order nunc pro tunc, correcting such record, to make said record speak the truth, which fact is that on the 24th day of February, 1936, said order of February 10, 1936, was by the commission vacated and set aside. The commission further finds that a written order and record should be made as of the 24th day of February, 1936."

The general presumption is that public officers perform their official duty, and that their official acts are regular. Eagle Loan & Investment Co. v. Turner, 113 Okla. 251, 241 P. 138; Gypsy Oil Co. v. Roop, 148 Okla. 104, 299 P. 444; Anderson v. Malone, 154 Okla. 4, 6 P. 2d 795; Griggs v. Reeser Motor Co., 159 Okla. 279, 16 P. 2d 252.

At page 876, sec. 354, 15 R. C. L., the rule concerning the presumptions which accompany orders made during the progress of a case is stated as follows:

"The presumption as to the regularity of judgments applies not only to the judgment of a trial court, but to every judgment or decree rendered in the various stages of the proceedings, from their initiation to their completion, and where there are limitations as to the time within which the court may act it will be presumed that the court acted within the proper time limits. Where nothing appears of record showing affirmatively to the contrary, all actions and orders had and made in a judicial proceeding will be presumed to have been made for good reasons, and based upon proper grounds, as well as to have been regularly and correctly made and done, and when a judgment is entered, a presumption arises that those things were adjudicated without which said judgment could not have been rendered."

Petitioners did not make a direct attack on the order nunc pro tunc by application to vacate and set the same aside for the reason that no notice was served upon petitioners and no hearing was had thereon. Instead petitioners instituted this action upon the record which fails to show whether or not notice was given or a hearing was had. In the absence of such a showing before the commission, we may not presume that such notice was not given and that such hearing was not had, but the presumption of regularity hereinabove referred to obtains and we must presume that such notice was given and that such hearing was had.

In the case of In re C. W. McQuown, 19 Okla. 347, 91 P. 690, 11 L. R. A. (N. S.) 1136, Mr. Chief Justice Burford uses the following language:

"The court may, at any time, upon proper application, from the memory of the presiding judge or upon proper showing, by appropriate order nunc pro tunc cause its record to recite the truth, and may supply any omission from its records."

Also see Runyan v. Herrod, 62 Okla. 87, 162 P. 196.

The petitioners further contend that the finding of the Industrial Commission that the claimant was permanently and totally disabled as the result of the injury is not sustained by the evidence.

In this connection, we have examined the record, and are of the opinion that the finding of the Industrial Commission is amply sustained by the evidence and should not be disturbed.

This court has consistently adhered to the rule stated in the case of Independent Oil Well Cementing Co. v. Curtis, 164 Okla. 76, 22 P. 2d 1005, as follows:

"A finding and order of the State Industrial Commission upon questions of fact is final and conclusive, where there is any competent evidence reasonably tending to support the same."

And also the rule as qualified and stated in the case of Kadane Const. Co. v. Lee, 176 Okla. 356, 55 P. 2d 1031, as follows:

"An award of the State Industrial Commission which is not erroneous as a matter of law and which is reasonably supported by competent evidence will not be disturbed by this court on review."

There is some evidence in the record that respondent performed certain light work after his operation and before making application for additional compensation on the ground of a change of condition, but it also appears that such work caused him to suffer serious pain and discomfort.

In the case of Sweetwater Gin Co. v. Wall, 153 Okla. 96, 5 P. 2d 126, this court held:

"Workmen's Compensation Law does not require an injured employee to continue to work if it will cause him continuously to suffer serious discomfort and pain while he is so engaged. Joliet & E. Traction Co. v. Industrial Commission, 299 Ill. 517, 132 N. W. 794."

The findings and award of the Industrial Commission are affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and DAVISON, JJ., concur. RILEY, GIBSON, HURST, and DANNER, JJ., dissent.