NELSON v. RIALTO MINING CO. et al.

No. 31491. Dec. 12, 1944.

*154 P. 2d 87.*

Leo J. Williams and Ray Teague, both of Oklahoma City, for petitioner.

Wallace & Wallace, of Miami, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by James E. Nelson, Jr., hereinafter referred to as petitioner, to obtain a review of an award which was made by trial commissioner in favor of petitioner and against Rialto Mining Company and its insurance carrier, hereinafter referred to as respondents.

The essential facts are not in dispute. On December 11, 1942, petitioner, who had in 1937 received an injury to his right arm which left him with an impairment of said member, sustained an

injury which resulted in the loss of his index and middle finger and 5% of the ring finger of his left hand. The respondents furnished necessary medical attention for the latter injury and paid compensation for the temporary total disability which resulted therefrom. Settlement was made on a Form 7 agreement, which was approved by the State Industrial Commission. On motion of petitioner the trial commissioner conducted hearings to determine the extent of permanent disability which resulted from the injury, and at the conclusion of said hearings made the following findings of fact:

"1. That on the 11th day of December, 1942, the claimant was in the employ of respondent and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law of the State of Oklahoma, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to the index, middle and ring fingers of the left hand.

"2. That prior to said injury to said left hand said claimant had a 50% permanent partial disability of the right arm.

"3. That by reason of said accidental injury of December 11, 1942, claimant was temporarily totally disabled from December 11, 1942, less the five days waiting period, to March 23, 1943, for which he has heretofore been paid, as evidenced by Form 7 on file herein.

"4. That as a further result of said accidental injury claimant sustained a 100% loss of the index finger of his left hand, a 100% loss of the middle finger of the left hand, and a 5% permanent partial loss of use of the ring finger of the left hand, which is equivalent to 39.6% permanent partial loss of use of the left hand."

Upon the basis of the foregoing findings the trial commissioner awarded compensation in the sum of $1,425.60 for 39.6% permanent partial loss of use of the petitioner's left hand. The petitioner contends that the award is illegal in that it fails to afford him the compensation to which his disability entitles him. It is the theory of the petitioner that since the loss of two or more members is to be compensated as permanent total disability, the partial loss of a member where there has been a previous partial loss of another member is to be compensated upon the basis of percentage of permanent total disability. As supporting this contention our attention is directed to Burnett-Hauert Lumber Co. v. Thompson, 185 Okla. 627, 95 P. 2d 630; Independent Oil Well Cementing Co. v. Curtis, 164 Okla. 76, 22 P. 2d 1005; Continental Oil Co. v. Hall, 151 Okla. 212, 3 P. 2d 180. An examination of the cited cases will reveal that they involve situations where permanent total disability resulted from the subsequent loss of a specific member in instances where there had been a previous loss of another member, and that they do not involve situations where only partial impairments were involved. While there is an analogy between the cited cases and the case at bar, we are of the opinion that they cannot be applied to the situation here involved. 85 O.S. 1941 § 22, subd. 1, declares that certain injuries constitute permanent total disability in the absence of conclusive proof to the contrary, and then provides:

"In all other cases permanent total disability shall be determined in accordance with the facts."

The State Industrial Commission is thereby authorized to make an award for permanent total disability where the facts warrant such an award. The statute, supra, however, provides a complete, comprehensive, and exclusive schedule of compensation to be awarded for each class of disability, and where the disability is permanent and partial and to a specific member, the compensation must be that provided by subdivision 3 of the schedule and not that provided for other types of disability. As said in Mudge Oil Co. v. Wagnon, 193 Okla. 466, 145 P. 2d 185:

"The purpose of the Workmen's Compensation Act is to compensate for loss of earning power from inability to work. United States Casualty Co. v. Steiger,

179 Okla. 407, 66 P. 2d 55, and cases therein cited. Consequently, all inquiries are directed toward ascertaining the extent of such loss. Exact and uniform results in such inquiry are difficult though important. The Legislature in pursuance of that objective has arbitrarily fixed certain factors in the calculation of an award in certain types of injuries, doubtless basing its action upon an average as disclosed from experience.

"The lawmakers have arbitrarily prescribed that in case of the loss of a hand the arbitrary factor to be employed in calculating the award shall be 200 weeks. The fact that the statute so provides merely closes the door to further inquiry of loss of earning power. In a given case it might or might not coincide with facts if the fact question were left open to the fact-finding body. Similar arbitrary provisions are found in the statute as relates to other specific members of the body."

In the award under review there was involved an injury to a specific member, the left hand. The extent of this disability presented a question of fact to be determined by the State Industrial Commission from the competent evidence adduced relative thereto. The evidence of the competent witnesses was in agreement with respect to the fact that the injury which petitioner had sustained was the loss of the index and middle fingers and 5% of the ring finger of his left hand, and was in substantial agreement with respect to the extent of the disability which had resulted from the injury alone, but was in conflict with respect to the extent of disability which had been produced by the cumulative effect of said injury upon the previous impairment which petitioner had sustained to his right arm. The trial commissioner found that the injury had resulted in a permanent partial impairment only and awarded compensation therefor as directed by the schedule, supra. In so doing we are of the opinion that the State Industrial Commission proceeded in the manner directed by law. The injury involved occurred prior to the enactment of House Bill No. 249, S.L. 1943, providing for additional compensation where a physically impaired person is subsequently injured, and therefore we undertake no discussion of the effect which such legislation may have on subsequent cases where injuries have occurred since its effective date.

The petitioner concedes that the award as made is correct in all particulars if his theory of the basis of compensation is not well taken. In view of what we have heretofore said, it follows therefore that the award should be, and the same is hereby, sustained.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.