JOHN B. KELAGHAN *vs.* PUBLIC UTILITY HEARING BOARD.

MARCH 2, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

ROBERTS, J. This is a statutory petition for the reversal of an order of the respondent board brought pursuant to the provisions of G. L. 1956, §39-5-14. While the petition was pending in this court the motion of Blackstone Valley Gas and Electric Company, hereinafter referred to as Black-

stone, and Valley Gas and Electric Company, hereinafter referred to as Valley, for leave to intervene was granted and thereafter the intervenors moved to dismiss the instant petition.

The petitioner prays that this court reverse an order of said board entered by it on July 27, 1961. It is described in the petition as being an "Addendum" to certain prior orders entered by the board on October 19, 1960 in the matter of the joint petition of Blackstone and Valley that theretofore on an appeal from the public utility administrator had been heard and determined. The validity of such prior orders entered by the board pursuant to the joint petition of Blackstone and Valley was considered by this court in *Kelaghan* v. *Public Utility Hearing Board*, 92 R. I. 82, 166 A.2d 421.

The record in that case reveals that Blackstone and Valley had jointly petitioned the public utility administrator for consent and approval of a plan under which Blackstone would convey certain of its properties to Valley and would purchase from Valley certain shares of its capital stock. After a hearing thereon the administrator entered an order giving consent and approval to the plan above referred to, and the petitioner in the instant case appealed therefrom to the respondent board. After a hearing thereon the board affirmed the order of the administrator granting consent and approval of the proposed plan set out in the joint petition of Blackstone and Valley, and its order giving effect thereto was entered on October 19, 1960.

Thereafter the petitioner in the instant action in that case brought a petition seeking a reversal of the orders of the respondent board, and this court subsequently permitted Blackstone and Valley to intervene therein. The matter was heard by this court, and in an opinion filed thereafter the court held that a review of the merits of the entry of the orders of October 19, 1960 by the respondent board

would be without purpose and thereupon granted the intervenors' motion to dismiss that petition.

From the record before us in the instant case it appears that pursuant to the decision of the board after hearing on the petitioner's appeal to it from the orders of the administrator, that board on October 19, 1960 entered two specific orders. The first of these denied and dismissed the then appellant's motion to dismiss the joint petition of Blackstone and Valley. The second gave the consent and approval of the board to "the sale by Blackstone to Valley and the purchase by Valley from Blackstone of the gas properties and the related rights * * *" then owned by Blackstone. It does not appear from the record that the board entered any order concerning the giving of approval and consent to the acquisition by Blackstone of stock and securities owned by Valley.

We are unable to perceive from the record any explanation for the entry on July 27, 1961 of the addendum to which the instant petitioner objects. The addendum, as it appears in the record, is an order of the respondent board consenting and approving "of the purchase by Blackstone from Valley of said 399,997 shares of stock at the par value thereof for the consideration described in the Petition, and the purchase by Blackstone from individuals of the additional three shares of common stock of Valley now outstanding for $30.00 in cash." From this language it could be reasonably assumed that the addendum was entered by the board for the purpose of giving its express consent and approval to the acquisition by Blackstone of stock and securities owned by Valley for which prayer had been made in the joint petition to the administrator.

The petitioner contends that the respondent board was without jurisdiction to enter the order referred to above which constitutes the addendum. In so contending, petitioner appears to rely upon our decision in *Kelaghan* v. *Public Utility Hearing Board, supra.* In that case we found

that the jurisdiction of the securities and exchange commission, hereinafter referred to as the commission, to approve the acquisition by a holding company of assets or securities of a utility pursuant to the provisions of sec. 10 of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. §79j, had become absolute and complete upon a finding by the commission pursuant to that section of the statute that compliance with applicable provisions of state law would be detrimental to the carrying out of the provisions of sec. 11 of the act, 15 U.S.C.A. §79k. The argument of petitioner is predicated upon a misconception as to the effect that the attainment of complete jurisdiction by the commission in the premises would have upon the jurisdiction of the respondent board to enter approve and consent orders pursuant to the provisions of G. L. 1956, §§39-3-17 and 39-3-25.

In *Kelaghan* v. *Public Utility Hearing Board, supra,* as petitioner appears to concede, we declined expressly to pass upon the validity of the entry of the orders that were the subject matter of the petition for reversal. In our opinion we noted with particularity that the proceeding before the respondent board in which the approve and consent orders were entered "is in no manner a part of the proceedings that have been conducted before the commission * * *." We further stated that in our opinion the proceeding conducted before the respondent board was undertaken "primarily for the purpose of having the consent and approval of the state administrator evidence to the commission that applicable provisions of state law had been complied with in making the acquisitions in question." We then concluded that in view of the acquirement of complete jurisdiction by the commission to approve the acquisitions herein under consideration, any decision on the part of this court concerning the validity of the entry of those orders by the respondent board would be without force and effect and therefore meaningless.

In expressly declining to review the validity of the orders so entered by the respondent board, we found that such a review, even were it to result in our granting the petition for reversal of those orders, would "in such circumstances constitute superfluous action in which this court will not engage." We are unable to perceive that there is anything in the language of the opinion which warrants a conclusion that this court therein ruled that the respondent board was without jurisdiction to enter the approve and consent orders contemplated in our statutes concerning such transactions between utilities. To the contrary, it is our opinion that the respondent board on July 27, 1961 had jurisdiction to enter such orders, however pointless an exercise thereof might be.

The intervenors have urged that the instant petition be dismissed for several reasons, some of which, in our opinion, are meritorious. However, because we take the view that the respondent board was acting within its powers in entering the order that constitutes the addendum, the instant petition is without merit and, in our opinion, should be dismissed for that reason. An administrative agency may in appropriate circumstances so correct its records as to state the truth as to its doings therein. The character of the evidence that will be sufficient to warrant an agency in making such correction is a matter for determination by the agency in an exercise of sound discretion, although when such correction is proposed on the basis of evidence dehors the record the agency should act thereon with appropriate caution. See *McQuiston* v. *Tyler*, 186 Okla. 315.

However, in the instant case it is clear from the record that the order entered therein did not fully reflect the doings of the respondent board with respect to the joint petition of Blackstone and Valley before it on an appeal from an order of the public utility administrator. In the joint petition Blackstone had prayed for the entry of an order

approving conveyance by it of certain assets and properties to Valley and for the approval of its proposal to acquire certain capital stock of Valley.

The appeal taken from the order of the administrator to the respondent board clearly brought up a matter of an order approving the acquisition by Blackstone of stock in Valley as well as the matter of a conveying by Blackstone of assets to Valley. An examination of the written decision of the respondent board reveals that its determination of the appeal was intended to include an approval of both prayers. However, the order entered did not include at least an express approval of Blackstone's proposed acquisition of certain of Valley's capital stock. In the circumstances it is clear that the record under consideration here did not contain an order, the inclusion of which would be necessary to reflect the board's determination to approve the acquisition by Blackstone of capital stock in Valley. In entering such an order on July 27, 1961 in the form of the addendum herein under consideration, the board's correction of its records was proper and within its powers. Therefore it is our opinion that the instant petition must be denied and dismissed.

The intervenors' motion to dismiss the petition is granted, and the record certified to this court is ordered returned to the respondent board with our decision endorsed thereon.

*Raymond J. McMahon, Jr.,* for petitioner.

*Edwards & Angell, Edward Winsor, Robert S. Davis, Ernest N. Agresti, Morrissey & Conley, Robert J. Conley,* for intervenors.