2000 OK CIV APP 85
**John SPURGIN, Petitioner,**
v.
**MULTIPLE INJURY TRUST FUND and The Workers' Compensation Court, Respondents.**
No. 94,056.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 28, 2000.
Certiorari Denied June 20, 2000.

Victor R. Owens, Daryl G. Alphin, Tulsa, Oklahoma, for Petitioner.

Georgiana T. Peterson, Oklahoma City, Oklahoma, for Respondents.

## OPINION

GARRETT, Judge:

¶1 Petitioner, John Spurgin (Claimant), filed a Form 3–F against the Special Indemnity Fund (SIF), now known as the Multiple Injury Trust Fund (MITF),[1] on February 24, 1999. The trial court held a hearing on November 18, 1999, and on December 8, 1999, the court's order was filed. In the order, the trial court held Claimant was a previously physically impaired person by reason of his prior injuries in 1972 and 1976, for a total of 35.5% permanent partial disability (PPD) to the body as a whole. The order recited Claimant's latest injury occurred on October 2, 1996, for which he was adjudicated 41.8% PPD to the body as a whole. As a result of the combined injuries, the trial court found Claimant was permanently totally disabled (PTD). The order provides:

– 4. –

That on or about February 18, 1999, claimant joint petitioned her/his workers' compensation claim, Court Claim No. 97–15104–F for injury (or injuries) occurring on October 2, 1996, for a total of $45,-500.00; that when divided by claimant's rate of $205.00 equals 222 weeks which must elapse from date of last payment of TTD (August 5, 1998) before the Multiple Injury Trust Fund begins weekly payments to claimant (less attorney fee).

1. See 85 O.S. Supp.1999, 173.

. . .

## – 6. –

That claimant's assertion, that this award for permanent total disability against the Multiple Injury Trust Fund accrues from the date of this order, is denied.

¶2 For reversal, Claimant contends the trial court's order, specifically paragraphs 4 and 6, is erroneous as a matter of law. He argues that, unlike the former statute 85 O.S. Supp.1994 172(E),[2] 85 O.S. Supp. 1999 172 (effective November 1, 1999), does not require lump-sum permanent partial disability awards to be divided by 70% of the employee's average weekly wage to determine the number of weeks which must elapse before a claim against the MITF may be paid. He contends the provision in 85 O.S. Supp.1999 172(B),[3] which provides that MITF awards shall accrue from the file date of the court order finding PTD liability against the MITF, requires that he should not have to wait until the PPD liability is paid. He contends that because there was no such language in the prior statute, the legislative intent to change the law is clear. He also cites Oklahoma case law in which the Supreme Court has held that when the meaning of a former statute was clear or had been judicially settled, its amendment may

reasonably indicate intent to alter the law. Additionally, he contends the use of the word "shall" by the legislature is considered the equivalent of "must", citing *State ex rel. Dept. of Human Services v. Colclazier*, 1997 OK 134, 950 P.2d 824; *State ex rel. Macy v. Freeman*, 1991 OK 59, 814 P.2d 147; and *Forest Oil Corp. v. Corporation Comm'n of Oklahoma*, 1990 OK 58, 807 P.2d 774.

¶3 The MITF responds that the statute in effect at the time of Claimant's most recent injury is the statute which controls. It cites as authority, *Special Indemnity Fund v. Archer*, 1993 OK 14, 847 P.2d 791; *Special Indemnity Fund v. Pogue*, 1964 OK 10, 389 P.2d 629; *Special Indemnity Fund v. Acuff*, 1963 OK 142, 383 P.2d 630; and *Nelson v. Rialto Mining Co.*, 1944 OK 355, 154 P.2d 87, 194 Okla. 628. Because the date of Claimant's most recent injury was October 2, 1996, the MITF contends the amended statute is not applicable to this case. Therefore, it contends the provision in the new statute that PTD payments from the MITF are to begin accruing on the date of the order making the award is also inapplicable.

¶4 In his reply brief, Claimant contends that although the basic rules of law and cases cited by the MITF are correctly stated, that neither of its arguments are applicable to this case. Claimant argues that there is no order against the SIF, as it no longer exists.

2. E. All weekly payments for permanent partial disability shall be paid before any claim for benefits against the Special Indemnity Fund may be paid. In the case of a lump-sum permanent partial disability award or settlement, such award or settlement shall be divided by seventy percent (70%) of the employee's weekly wage up to a maximum of fifty percent (50%) of the state's average weekly wage, to determine the number of weeks which must elapse before a claim against the Special Indemnity Fund may be paid.

3. 85 O.S. Supp.1999 172(B) provides:

B. If such combined disabilities constitute permanent total disability, as defined in Section 3 of this title, then the employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from the subsequent injury. In addition, the employee shall receive full compensation for the combined disability, as above defined, all of which shall be computed upon the schedule and provisions of the Workers' Compensation Act. The employer shall be liable only for the degree of percent of

disability which would have resulted from the subsequent injury if there had been no preexisting impairment. After all permanent partial disability payments by the employer or the insurance carrier of the employer have ceased, the remainder of the compensation shall be paid out of the Multiple Injury Trust Fund provided for in Section 173 of this title, in periodic installments. In permanent total disability cases the same shall be paid in periodic payments, as set forth in Section 22 of this title, and shall not be commuted to a lump-sum payment. The compensation rate for permanent total awards from the Multiple Injury Trust Fund shall be the compensation rate for permanent partial disability paid by the employer in the last combinable compensable injury. Permanent total awards from the Multiple Injury Trust Fund shall be payable for a period of five (5) years or until the employee reaches sixty-five (65) years of age, whichever period is the longer. *Multiple Injury Trust Fund awards shall accrue from the file date of the court order finding the claimant to be permanently and totally disabled.* (Emphasis supplied.)

The order is against the MITF, an entity created specifically by the 1999 amendment, and must be governed solely by the 1999 law. Claimant also contends that by creating a distinction between § 172(A)(2)(a) claims filed before November 1, 1999, and § 172(A)(2)(b) claims filed after October 31, 1999,[4] the legislature has specifically created both retroactive and prospective aspects to this section.

¶ 5 Claimant's arguments are unpersuasive. In the title of the Act's amendment in Laws, 1999, Ch. 420, specifically in reference to sections 172, 173, 174, 182 and 211, "which relate to the Special Indemnity Fund; *changing the name of the Special Indemnity Fund to the Multiple Injury Trust Fund;....*" [Emphasis supplied.] The Special Indemnity Fund was renamed, not repealed. It is well established that the title of a legislative enactment is to be considered a proper guide and a valuable aid to ascertain legislative intent. *Atkinson v. Halliburton Co.*, 1995 OK 104, 905 P.2d 772; *C & C Tile and Carpet Co., Inc. v. Aday*, 1985 OK CIV APP 8, 697 P.2d 175, 177. Moreover, the provisions in § 172(A)(2), set out in footnote 5, supra, which differentiate between actions filed before and after the amendment date, do not indicate the Legislature intended a retroactive application of the statute. The distinctions are necessary because the amended statute does not allow for claims against the MITF for PPD combined injury claims. However, it still honors such awards *in actions filed before 11–1–99* against the SIF, under the previous statute, when the combined disabilities constituted PPD.

¶ 6 Also, even if we were to determine the amended statute should be applied herein, we disagree with Claimant's interpretation of § 172(B). The amended statute provides that PTD payments are to be paid "[a]fter all permanent partial disability payments by the employer or the insurance carrier of the employer have ceased...." The provision in the same sub-section that PTD claims against the fund *accrue* from the date of the PTD order against the MITF does not say it shall be *paid* from the date of the order, only that it shall *accrue* from the date of the order. Claimant's interpretation would create an inconsistency within the subsection.

¶ 7 The MITF correctly contends that the law in effect at the time of the subsequent injury is the law to be used in fixing the liability of the Fund. See *Special Indemnity Fund v. Archer, supra; Special Indemnity Fund v. Pogue, supra.* Findings of fact made by the trial court are binding and conclusive in review proceedings before this Court, unless they lack support in competent evidence. *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548. Because the law which was effective prior to the 1999 amendment is applicable to Claimant's claim, the trial court correctly held, under the facts of this case,[5] that his PTD

---

4.  2.a. For actions filed before November 1, 1999, if such combined disabilities constitute partial permanent disability. as defined in Section 3 of this title, then such employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent injury, and in addition thereto such employee .shall receive full compensation for the combined disability as above defined, after deducting therefrom the percent of that disability that constituted the employee a "physically impaired person", as defined herein, all of which shall be computed upon the schedule and provision of the Workers' Compensation Act. After payments by the employer or the insurance carrier of the employer, if any, have ceased, the remainder of such compensation shall be paid out of the Multiple Injury Trust Fund provided for in Section 173 of this title, in periodic installments.

b.  For actions filed after October 31, 1999, if such combined disabilities constitute partial permanent disability as defined in Section 3 of this title, then such employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent injury. The employee shall not receive any additional compensation for the combined disability as above defined, after deducting the percent of disability that constituted the employee a "physically impaired person".

5.  We note that the Index to the appellate record recites: "There was no testimony taken at the November 18, 1999, hearing before Judge Jerry L. Salyer." We have taken the pertinent facts from the orders and other contents assembled in the record.

award against the MITF did not accrue from the date of the order.

¶ 8 ORDER SUSTAINED.

¶ 9 JONES, P.J., and BUETTNER, J., concur.