2000 OK CIV APP 129

**John W. FRY, Petitioner,**

v.

**MULTIPLE INJURY TRUST FUND, and the Workers' Compensation Court, Respondents.**

No. 94,352.

Court of Civil Appeals of Oklahoma, Division No. 2.

Oct. 17, 2000.

Victor R. Owens, Daryl G. Alphin, Owens & Owens, Tulsa, OK, for Petitioner.

Georgiana T. Peterson, Gregory J. Crawford, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, OK, for Respondents.

## OPINION

COLBERT, J.

¶ 1 Claimant, John W. Fry, seeks this court's review of the workers' compensation trial court's order granting him benefits from the Multiple Injury Trust Fund (MITF). The issue on appeal is whether the trial court erred in determining as a matter of law that Claimant's benefits must be delayed. Upon review of the record and applicable law, we conclude that the trial court did not err and sustain its order.

¶ 2 Claimant filed a Form 3–F in the Workers' Compensation Court on May 26, 1999, seeking benefits from the MITF. Claimant injured both shoulders on May 9, 1997, and was adjudicated 33% permanently partially disabled (PPD) as a result. Claimant had previously been adjudicated 10.9% PPD to the body as a whole for injury to the left wrist. He had a pre-existing obvious and apparent disability in that he was born with no legs below the knees.

¶ 3 The trial court found that, as result of the combination of these injuries and pre-existing disabilities, Claimant was permanently totally disabled (PTD) and entitled to benefits from the MITF. The trial court held, however, that payment of the benefits would not begin immediately. The trial court held:

– 4. –

THAT on, or about MAY 20, 1999, claimant joint petitioned his workers' compensation claim, Court Claim No.1999–07437Q for injury (or injuries) occurring on May 9, 1997, for a total of $35,997.00; that when divided by claimant's rate of $213.00 equals 169 weeks which must elapse from date of last payment of TTD (April 26, 1999) before the Multiple Injury Trust Fund begins weekly payments to claimant (less attorney fee).

– 5. –

THAT once benefits commence, respondent is ordered to pay compensation to claimant at the rate of $213.00 per week until the claimant (date of birth: September 21, 1953) reaches the age of 65 years, or for a period of five (5) years, whichever is longer (less attorney fee). The claimant shall provide respondent with a certified copy of his certificate of birth within thirty (30) days of the filing of this order.

Claimant seeks this court's review of the trial court's determination that the payment of Claimant's benefits should be delayed.

## STANDARD OF REVIEW

¶ 4 There are no disputed facts and Claimant seeks this court's review of a question of law—the trial court's application of a statute. Our standard of review, therefore,

is de novo. *Clayton v. Fleming Cos.*, 2000 OK 20, ¶ 11, 1 P.3d 981, 984.

## DISCUSSION

¶ 5 The MITF is the new name for the Special Indemnity Fund. 85 O.S. Supp.1999 § 173. Its purpose is to encourage the employment of physically impaired workers by limiting a potential employer's liability for work-related injuries and, at the same time, assuring such a worker full compensation for the totality of his disability if he should suffer a work-related injury. *McGough v. Special Indemnity Fund*, 1997 OK 51, ¶ 7, 939 P.2d 1136, 1137. Although the worker receives compensation for the full extent of his disability, the employer is responsible only for the compensation arising directly from the work-related injury; the MITF pays the remainder of the compensation due. 85 O.S. Supp.1999 § 172.

¶ 6 The conflict here arises from the 1999 amendment of section 172, which sets forth the compensation scheme to be applied in this situation. Claimant contends the trial court here should have applied section 172 as amended, rather than the earlier version of the statute. This situation parallels that found in *Spurgin v. Multiple Injury Trust Fund*, 2000 OK CIV APP 85, 10 P.3d 240, *cert. denied.*[1]

¶ 7 Claimant contends the trial court erred in delaying the MITF's payment of his benefits, because the 1999 amendment to section 172 deleted the language mandating such a delay. Before the amendment, section 172(E) provided:

> In the case of a lump-sum permanent partial disability award or settlement, such award or settlement shall be divided by seventy percent (70%) of the employee's weekly wage up to a maximum of fifty percent (50%) of the state's average weekly wage, to determine the number of weeks which must elapse before a claim against the Special Indemnity Fund may be paid.

Claimant argues that the absence of this language from section 172, as amended, is evidence of the legislature's intent that the delay should no longer apply, relying on, among others, *Special Indemnity Fund v.*

*Figgins*, 1992 OK 59, ¶ 8, 831 P.2d 1379, 1382. Claimant also argues that, because section 172, as amended, provides that MITF awards shall accrue from the date of the court's order awarding them, the legislature now intends for the payment of such awards to begin immediately.

¶ 8 MITF, however, asserts that the amendment to section 172 does not apply to this claim, because Claimant's last injury occurred on May 9, 1997, over two and one-half years before the effective date of the amendment. We agree. The MITF's liability is set by the law in effect at the time of the injury. *Special Indem. Fund v. Archer*, 1993 OK 14, ¶ 9, 847 P.2d 791, 794–95. This is also the conclusion reached by this court in *Spurgin.*

¶ 9 The workers' compensation trial court did not err in delaying the payment of Claimant's benefits in accordance with 85 O.S. Supp.1998 § 172(E).

¶ 10 SUSTAINED.

¶ 11 RAPP, P.J., and TAYLOR, J., concur.

---

1. Indeed, the attorneys on both sides of this dispute also represented the parties in *Spurgin v.*

*Multiple Injury Trust Fund*, 2000 OK CIV APP 85, 10 P.3d 240, *cert. denied.*