2001 OK CIV APP 8

**MULTIPLE INJURY TRUST FUND, Petitioner,**

v.

**Paul HILL and The Workers' Compensation Court, Respondents.**

No. 94,899.

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 22, 2000.

---

Georgiana Peterson, Oklahoma City, OK, for Petitioner.

Jack G. Zurawik, Tulsa, OK, for Respondents.

## *OPINION*

GARRETT, Judge:

¶ 1 Respondent, Paul Hill (Claimant), filed a Form 3–F in the Workers' Compensation Court against the Special Indemnity Fund, now the Multiple Injury Trust Fund (the Fund), on October 29, 1997. He alleged the date of his prior injury was January 28, 1987, which was adjudicated on March 21, 1989, for 46.35% whole body injury to his back, left hip and left leg. He alleged the date of his most recent injury was February 6, 1996, and the date of the order was October 13, 1997, adjudicating 25% whole body injury to his back. The total impairment on the form 3–F is shown as 71.35% PPD whole body injury.

Claimant filed a Form 9, requesting permanent total disability (PTD).

¶ 2 On May 15, 1998, the trial court filed an Order for Permanent Total Disability against the Fund. The order recites that on October 1, 1997, Claimant joint petitioned his claim for the most recent injury, of 25% PPD, which occurred on February 6, 1996, for $25,000.00, and:

> that when divided by claimant's rate of $205 equals 122 weeks which must elapse from date of said joint petition before the Special Indemnity Fund begins weekly payments to claimant (less attorney fee).

> THAT once benefits commence, respondent is ordered to pay compensation to claimant at the rate of $205 per week until the claimant (date of birth: 9–29–42) reaches the age of 65 years, or for a period of five (5) years, whichever is longer (less attorney fee). The claimant *shall* provide respondent with a certified copy of her/his certificate of birth within twenty (20) days of the filing date of this Order.

¶ 3 No appeal was taken from the May 15, 1998 order. On January 27, 2000, Claimant requested a prehearing conference on the issues of "accrued interest and Attorney fee since May 15, 1998". On June 8, 2000, the trial court entered its "Prehearing Conference Order".[1] The court held:

> That recently, 85 O.S. § 172(B)[2] was amended to include specific language stat-

---

1. The court stated the issue in the order, "is whether a permanent total disability Order against the Multiple Injury Trust Fund (formerly Special Indemnity Fund) which contains a lapse time paragraph 'accrues' from the date of the Multiple Injury Trust Fund Order or whether there is no accrual and payments merely begin on the appointed 'lapse' date."

2. 85 O.S. Supp.1999 § 172(B):

 B. If such combined disabilities constitute permanent total disability, as defined in Section 3 of this title, then the employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from the subsequent injury. In addition, the employee shall receive full compensation for the combined disability, as above defined, all of which shall be computed upon the schedule and provisions of the Workers' Compensation Act. The employer shall be lia-

ble only for the degree of percent of disability which would have resulted from the subsequent injury if there had been no preexisting impairment. After all permanent partial disability payments by the employer or the insurance carrier of the employer have ceased, the remainder of the compensation shall be paid out of the Multiple Injury Trust Fund provided for in Section 173 of this title, in periodic installments. In permanent total disability cases the same shall be paid in periodic payments, as set forth in Section 22 of this title, and shall not be commuted to a lump-sum payment. The compensation rate for permanent total awards from the Multiple Injury Trust Fund shall be the compensation rate for permanent partial disability paid by the employer in the last combinable compensable injury. Permanent total awards from the Multiple Injury Trust Fund shall be payable for a period of five (5) years or until the employee reaches sixty-five (65) years of age, whichever

ing that awards against the Multiple Injury Trust Fund shall accrue from the date of the Order. The statute in effect on the date of the last injury in this claim was silent on the issue of accrual. This Court interprets the amendment to be an expression of the legislatures (sic) intent concerning the accrual of Multiple Injury Trust Fund (Special Indemnity Fund) Orders, past, present and future. Therefore, the benefits awarded in the Order against the Special Indemnity Fund (now Multiple Injury Trust Fund) dated May 15, 1998, shall be deemed to have accrued since May 15, 1998, along with interest at the statutory rate for 1998, 85 O.S. § 42(A). The accrued portion of the award and interest shall be paid within 20 days of the date of this Order. All unaccrued payments shall be made in periodic installments.

█ ¶ 4 This review proceeding by Fund followed. For reversal, Fund contends that the pre 1999 form of § 172 [3] did not allow for the accrual of benefits of awards against the Fund, and the trial court's determination was incorrect. We agree.

¶ 5 The instant case is somewhat similar to the case of *Spurgin v. Multiple Injury Trust Fund*, 2000 OK CIV APP 85, 10 P.3d 240 (cert. denied). Spurgin argued that 85 O.S. Supp.1999 § 172(B), which provides that awards against the Fund shall *accrue* from the date of the order finding PTD liability against the Fund, should control the award against the Fund. He argued that position, despite the fact his last injury pre-dated the effective date of the amendment, November 1, 1999. The claimant contended that pursuant to the amendment, his payments from the Fund should be paid from the date of the PTD order against the Fund, rather than after all PPD payments were made. He also argued that because there was no language

of accrual in the prior statute, the legislative intent to change the law was clear.

¶ 6 We held no legislative intent was shown to apply the new statute to pre-amendment PTD awards against the Fund. This Court held the statute in effect at the time of Claimant's most recent injury is the statute which controls. We said, at 243–244:

> The MITF correctly contends that the law in effect at the time of the subsequent injury is the law to be used in fixing the liability of the Fund. See *Special Indemnity Fund v. Archer*,[4] *supra*; *Special Indemnity Fund v. Pogue*,[5] *supra*.... Because the law which was effective prior to the 1999 amendment is applicable to Claimant's claim, the trial court correctly held, under the facts of this case, that his PTD award against the MITF did not accrue from the date of the order. [Footnote omitted.]

¶ 7 In the present case, the trial court found that the amendment of § 172(B) showed legislative intent to apply the language of accrual to "past, present and future" orders against the Fund because of the former statute's silence on the issue of accrual. Although we agree the legislature changed the law, it did not show an intent to apply the amendment retroactively to PTD orders for which the last injury occurred prior to the amendment. See also *Stidham v. Special Indemnity Fund*, 2000 OK 33, ¶ 15, 10 P.3d 880, wherein the Supreme Court stated, "The terms of 85 O.S. Supp. 1994 § 172(E), which direct that Special Indemnity Fund's payments begin *not earlier* than a certain point of time following the award against the last employer, *are a restriction on the Workers' Compensation Court's power to act.*" [Emphasis in original.]

period is the longer. Multiple Injury Trust Fund awards shall accrue from the file date of the court order finding the claimant to be permanently and totally disabled.

3. 85 O.S. Supp.1994 § 172(E) provided:

 E. All weekly payments for permanent partial disability shall be paid before any claim for benefits against the Special Indemnity Fund may be paid. In the case of a lump-sum permanent partial disability award or settle-

ment, such award or settlement shall be divided by seventy percent (70%) of the employee's weekly wage up to a maximum of fifty percent (50%) of the state's average weekly wage, to determine the number of weeks which must elapse before a claim against the Special Indemnity Fund may be paid.

4. 1993 OK 14, 847 P.2d 791.

5. 1964 OK 10, 389 P.2d 629.

¶ 8 Claimant herein argues, *inter alia,* that the trial court correctly applied the amendment to this case. He contends, under § 22, "permanent total disability" payments are to be paid during the continuance of such total disability. However, the statutory provisions under sections 172 and 173 deal specifically with payments by the Fund, and time restrictions found therein must control.

 ¶ 9 The trial court acted outside its authority in finding the award against the Fund, for which the date of Claimant's last injury occurred prior to the amendment of § 172, began to accrue, and became payable, on the date the PTD order against the Fund was entered. This court reviews a trial court's conclusions of law by a *de novo* standard, performing an independent, non-deferential re-examination of the trial court's legal rulings. If the undisputed facts do not support the workers' compensation order, the order will be vacated. *Barre v. TCIM Ser-*

vices, *Inc.,* 1998 OK CIV APP 179, 971 P.2d 874, 876, citing *Weeks v. Cessna Aircraft Co.,* 1994 OK CIV APP 171, 895 P.2d 731.

¶ 10 The order of the Workers' Compensation Court is vacated as an impermissible collateral attack on a valid order entered May 15, 1998. This case is remanded with directions that the May 15, 1998 order be reinstated.[6]

¶ 11 VACATED AND REMANDED.

¶ 12 CARL B. JONES, P.J., and BUETTNER, J., concur.

---

6. On December 12, 2000, Division 4 of this Court filed two opinions reaching the opposite conclusion. Their decision in case # 94,807, *Samman v. Multiple Injury Trust Fund,* was released for publication. However, their decision in case # 94,900, *Multiple Injury Trust Fund v. Aldridge,* decided and filed the same day, was not ordered to be published. Needless to say, we disagree with Division 4.