WOOD OIL CO. et al. v. CORPORATION COMMISSION et al.

No. 33484.   July 18, 1950.

Rehearing Denied Oct. 24, 1950.

As Corrected Nov. 26, 1951.

*239 P. 2d 1021.*

N. E. McNeill, Tulsa, for plaintiffs in error.

Floyd Green, Oklahoma City, for defendant in error Corporation Commission.

Robert L. Imler, Tulsa, for defendant in error Sinclair Prairie Oil & Gas Company.

T. Murray Robinson, of Oklahoma City, for defendants in error Toklan Production Company and J. G. Catlett, Inc.

GIBSON, J. Herein, Wood Oil Company and Chas. M. Day, plaintiffs in error, will be referred to as "plaintiffs", and Toklan Production Company, J. G. Catlett, Inc., and Sinclair Prairie Oil & Gas Company, defendants in error, will be referred to, respectively, as "Toklan", "Catlett" and "Sinclair", and, collectively, as "defendants".

This is an appeal by plaintiffs from an order of the Corporation Commission denying plaintiffs' application to modify a previous order of the commission, known as order 19890, whereby the boundaries of Wayne Pool, theretofore established by the commission, were extended to cover land on which plaintiffs, as lessees, had a producing oil well.

Plaintiffs, holding an oil and gas lease on 40 acres, particularly described as the south half of the north half of northwest quarter of section fourteen (14), township 5 north, range 2 west, McClain county, obtained production thereon from what is known as Hunton Lime at that point in the eastern part thereof which corresponds to center of the east ten acres thereof. The production was obtained during December, 1946, and continued thereafter.

At the time of the discovery, and thereafter, Sinclair was owner of oil and gas lease on a one-half undivided interest in the 40 acres lying immediately north of plaintiffs' acreage and particularly described as north half of the north half of the northwest quarter of said section 14. And Toklan and Catlett were the owners of an unleased one-half interest in the minerals under that tract.

On April 1, 1947, the commission, on application of Sinclair, extended the lines of the Wayne Pool, which then included the east half of said section 14, so as to include among other lands the west half of said section and, in accordance with the type of drilling units that obtained in the pool, prescribed that the northeast quarter of the northwest quarter of the section, which included the east 20 acres of each of the tracts owned, respectively, by plaintiffs and defendants, should constitute a drilling unit, and that the northwest quarter of said northwest quarter, which included the remainder of the tracts owned by plaintiffs and defendants, should constitute another drilling unit. It was further ordered that the well theretofore drilled should

constitute the well from which production in that unit was to be had from the Hunton Lime. At the hearing of the application Sinclair agreed to claim no interest in the production from said well by reason of their said lease which covered one-half of the mineral interest in the north half of the unit 40 acres, and thereafter assigned to plaintiff their lease thereon, which assignment was accepted. Toklan and Catlett, though duly notified of the hearing, did not appear and neither opposed the granting thereof nor consented to waive their right to share in the production of said well by reason of their ownership of one-half of the mineral interest in the north half of the unit. Plaintiffs agreed to the order so extending said pool and prosecuted no appeal therefrom.

The question of the right of Toklan and Catlett to share in the production from said well and the conditions upon which the right would obtain became a matter of dispute between them and plaintiffs, and on July 1, 1947, Toklan and Catlett filed before the commission application for an adjudication of the rights involved. Thereafter, on July 17, 1947, and during the pendency of said application, the present application was filed.

The prayer of the application is to vacate order 19890 so far as the same applies to the north half of the northwest quarter of section 14. And if not so vacated that the south half of the north half of said northwest quarter be constituted a single unit.

On the issues involved, the commission made the following pertinent finding:

"That at the time said spacing order was made, counsel for the applicant Wood Oil Company was present at said hearing and consented to said order, after counsel for the Sinclair-Prairie Oil Company advised him that they would claim no interest in the well above described, located in the SE/4 of the NE/4 of the NW/4 of said Section 14, and would make an assignment of any lease interest they might have in said spacing unit to the Wood Oil Company; that said agreement was carried out and the Sinclair-Prairie Oil Company delivered said assignment to the Wood Oil Company; that the spacing order of the Commission dated April 1st, 1947, was not appealed from and became final; that no change in condition has occurred in this area since that time; that to modify this spacing order in conformity with the application herein would tend to establish nonuniformity in the spacing units as set out in the order, and the only reason urged for the modification of said spacing order is to make the drilling and spacing units in this area conform to the royalty and leasehold interests; that for the Corporation Commission to undertake to establish drilling and spacing units to conform to royalty and leasehold ownership within the area would lead to confusion and defeat the intention of the law establishing uniform spacing and drilling units."

It is recognized that the commission's order of April 1, 1947, became final because not appealed, and that it is not subject to collateral attack. But it is urged that the commission was authorized to modify the order of April 1, 1947, so as to protect correlative rights and that the commission erred in not modifying said order.

The power of the commission, at the time of entering its order of April 1, 1947, to thereafter modify same was prescribed in subdiv. (c), section 87, Tit. 52, Cum. Supp. 1945 to O. S. 1941. This section was later repealed and the power of the commission at the time of the application to modify previous orders is defined in subd. (c), section 1, Tit. 52 S. L. 1947, p. 328, 329. Plaintiffs contend the power of the commission in the premises is to be measured by the earlier law and that thereunder the commission was authorized to grant the relief sought. Defendants challenge both contentions. We think it unnecessary to consider these contentions. Whether the granting of the relief sought is authorized by the earlier or the later law is immaterial because the right to any such relief under either statute is expressly predicated upon

proper proof of the need thereof. The exercise of the authority to modify the previous order necessarily involves a changed factual situation from that which obtained at the time of making the order sought to be modified.

Otherwise the modification would constitute an attempt to change the original order in a manner not authorized by law.

The motion to vacate and modify order No. 19890 did not specify any substantial change of condition of the area nor did the evidence reveal such change. The contentions urged in support of the motion were known and could have been urged at the hearing on which the original order was based. Plaintiffs now say that the order sought to be vacated was inequitable, unjust and unconscionable, but such complaints could properly have been urged only on appeal. 52 O. S. 1941 §111. Plaintiffs consented to the order and it has become final.

The order appealed from is affirmed.