**C. H. KUYKENDALL and H. G. Kuykendall, Appellants,**

v.

**The CORPORATION COMMISSION of the State of Oklahoma, and Helmerich & Payne, Inc., Appellees.**

**No. 51039.**

Court of Appeals of Oklahoma, Division No. 1.

April 17, 1979.

Rehearing Denied May 29, 1979.

Certiorari Denied July 16, 1979.

Released for Publication by Order of Court of Appeals July 19, 1979.

Watson, McKenzie & Moricoli by H. B. Watson, Jr., James F. Sullivan, Jr., Oklahoma City, for appellants.

Harvey H. Cody, Jr., Oklahoma City, for appellee Corporation Commission.

Charles Nesbitt, Oklahoma City, for appellee Helmerich & Payne, Inc.

ROMANG, Presiding Judge:

This appeal is from Order No. 130357 of the Oklahoma Corporation Commission, which is entitled "Order Nunc Pro Tunc Correcting Order No. 126714." The purported correction is the addition of a paragraph reading:

7. That the Order be and the same is hereby effective as of December 9, 1976.

The sequence of events leading up to this appeal are briefly as follows: C. H. Kuykendall and H. G. Kuykendall are the owners of the surface and one-half of the oil, gas and other minerals of the NW/4 of Section 7, Township 8 North, Range 8 West, in Grady County, Oklahoma. They executed

an oil and gas lease thereon for a primary term of five years from December 20, 1971, through December 20, 1976. The lease was owned by Helmerich & Payne, Inc. which also owned a lease on the NE/4 of said Section 7. On November 12, 1976, Helmerich & Payne filed an application with the Corporation Commission to obtain a 640-acre drilling and spacing unit on said Section 7 as to certain underlying formations. On December 3, 1976, Helmerich & Payne commenced the drilling of a well on the NE/4 of said Section 7. The spacing application was heard by a Trial Examiner on December 9, 1976. At the conclusion of the hearing, the Trial Examiner announced "It will be recommended." On December 21, 1976, Order No. 126714, dated December 21, 1976, was filed with the Secretary of the Commission, and in that Order the said Section 7 was established as a 640-acre drilling and spacing unit for the production of gas and gas condensate. The well in the NE/4 of Section 7 was completed some time after December 21, 1976, as a gas producer from one of the spaced formations. On March 30, 1977, Helmerich & Payne filed an application requesting the Commission to enter a Nunc Pro Tunc Order making Order No. 126714 of December 21, 1976 effective as of December 9, 1976. A hearing was had before the Commission on May 2, 1977, at which counsel for the Kuykendalls objected to the jurisdiction of the Commission to make the requested nunc pro tunc order. On May 4, 1977, the Commission filed Order No. 130357, which is a repeat of Order No. 126714 filed on December 21, 1976 except for the addition of the above mentioned paragraph as to the effective date, and except for another change not here involved.

The Kuykendalls have appealed and they here contend that the Order of May 4, 1977 is not supported by any evidence and that it is beyond the scope of the jurisdiction of the Commission to grant. In this regard, no evidence was introduced at the hearing on March 2, 1977, except the transcript of the hearing on December 9, 1976, before the Trial Examiner.

Helmerich & Payne state that the only question in this appeal is whether the Commission had lawful authority to make its spacing order effective as of December 9, 1976. We agree that such is the decisive issue.

Helmerich & Payne assert in their brief as follows:

In practice, the Order in an uncontested spacing application is prepared by counsel for the applicant, and is submitted to the Trial Examiner for review. If acceptable in form, it is passed on to the Commissioners for signature. Here, the proposed Order was prepared by counsel for Helmerich & Payne, and mailed to the Commission from Tulsa on or about December 10, 1976. For some reason which cannot be determined, the Order was actually signed on Monday, December 20, 1976, and was officially filed in the Office of the Secretary of the Commission on December 21, 1976. (The assertion that the Order was signed on December 20, 1976, is not shown by the record.)

\*       \*       \*       \*       \*       \*

It is undisputed that the Corporation Commission is a body of limited jurisdiction, and that it can exercise only that authority granted to it by law. It is also undisputed that the Corporation Commission has no jurisdiction to hear and adjudicate controversies over private rights, and in particular, controversies over title to property.

Helmerich & Payne make the further concession that the Trial Examiner is not a judicial or quasi-judicial officer (52 O.S. 1971, § 149), and that in a referred case the judgment of the Commission is a written Order signed by a majority of the Commissioners.

In 56 Am.Jur.2d, Motions, Rules, and Orders, § 44, it is stated:

An order nunc pro tunc cannot do more than supply a record of something that was actually done at the time to which it is retroactive.  .   .   .

A nunc pro tunc amendment or correction of a court order is not proper to correct judicial errors or omissions or to change an order actually rendered.

The above is the accepted common law rule. However, Helmerich & Payne claim that an exception to the common law rule was established by the case of *McQuiston v. Tyler*, 86 Okl. 315, 97 P.2d 552. We do not agree. Therein the court syllabus reads:

The State Industrial Commission made an order on February 24th vacating an order of February 10th and thereafter, the following April, attention was called to the fact that the order of February 24th by inadvertence had not been reduced to writing and recorded. On application to correct the record by nunc pro tunc order, the Commission on April 11th found that the February 24th order was in fact made and pronounced; *Held*—In furtherance of justice and for the purpose of making its records speak the truth, the Commission may proceed to correct the same on any evidence satisfactory to itself, whether oral or documentary, record or otherwise, and it is for the Commission to say what is the kind and amount of evidence requisite to show that the correction should be made, but where there is no record or quasi record evidence the Commission should act with great care and caution.

In *Woodmansee v. Woodmansee*, 137 Okl. 112, 278 P. 278, the court syllabus states:

The function of a nunc pro tunc order is to put upon the record a true memorial of what did indeed occur in the litigation of the case, but about which the record of the court speaks, either imperfectly or incorrectly, or else is silent.

In the case at bar, the effective date of the spacing and drilling unit order was not discussed before the Hearing Examiner and he made no recommendation in regard to it. Nor was the effective date of the Order discussed or mentioned before the Commission prior to or at the time the Order was filed on December 21, 1976.

In *Wood Oil Co. v. Corporation Commission*, 205 Okl. 534, 239 P.2d 1021, the court syllabus states:

Orders of the Corporation Commission made in pursuance of the authority granted under Tit. 52 O.S. 1941, sec. 87, are not subject to collateral attack.

The Corporation Commission is without authority to entertain or grant an application to vacate, amend or modify a spacing and well drilling unit established by a former order of the Commission, which has become final, upon the grounds that the order was ill advised, inequitable or otherwise erroneous. The remedy for such complaints is by appeal to the Supreme Court.

Rule 6(c) of the Rules of Procedure of the Commission, provides:

Every order of the Commission will be effective *upon the date it is filed* in the office of the Secretary, unless otherwise specified in the Order. (Emphasis added.)

Order No. 126714, dated and filed December 21, 1976, established the subject drilling and spacing unit as of the date. Since it was not appealed, it became final. We find Order No. 130357 to be invalid for lack of evidence to sustain it, and for lack of jurisdiction of the Corporation Commission to grant it.

ORDER VACATED.

REYNOLDS and BOX, JJ., concur.