2001 OK CIV APP 68

**MULTIPLE INJURY TRUST FUND, Petitioner,**

v.

**Bobby R. McGARY and the Workers' Compensation Court, Respondents.**

No. 95,379.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 3, 2001.

Georgiana Peterson, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, OK, for Petitioner.

Sidney A. Musser, Jr., Abel, Musser, Sokolosky, Mares & Kouri, Oklahoma City, OK, for Respondent.

JOPLIN, Judge:

¶ 1 Petitioner Multiple Injury Trust Fund (Fund) seeks review of an order of a three-judge panel of the Workers' Compensation Court, vacating part of the trial court's order, and holding Fund's obligation to pay Respondent Bobby R. McGary (Claimant) for permanent total disability (PTD) arose—after passage of the number of weeks attributable to the joint petition lump-sum settlement of Claimant's subsequent injury claim against his employer—from "the last date temporary total disability was paid." In this proceeding, Fund challenges the order of the three-judge panel as legally erroneous, and asserts its obligation to pay should be determined by reference to the date of the joint petition settlement.

¶ 2 In 1984, Claimant filed a claim asserting compensable job-related injuries to his neck and back. By order dated July 29, 1985, the Workers' Compensation Court awarded Claimant benefits for twelve per-

cent (12%) permanent partial disability (PPD) to the body as whole.

¶3 In August 1997, Claimant filed a claim to assert subsequent, compensable job-related injuries to his back and legs occurring in June 1996. By joint petition dated October 20, 1998, Claimant and his employer settled the subsequent injury claim for $25,000.00, payable in lump sum.

¶4 In November 1998, Claimant filed his Form 3F against Fund, asserting PTD as a result of the combination of the previously adjudicated disability and disability attributable to his latest injury. By order filed July 13, 2000, the trial court adjudicated Claimant PTD as a result of the combination of disabilities, and held, *inter alia:*

— 4. —

THAT on or about OCTOBER 20, 1998, claimant joint petitioned his [1997] claim ... for a total of $25,000.00; that when divided by claimant's rate of $134.82 equals 185 weeks which must elapse from [the] date of the Joint Petition (OCTOBER 20, 1998) before the ... Fund begins weekly payments to claimant (less attorney fee).

¶5 Claimant appealed to a three-judge panel. The appellate tribunal vacated paragraph four of the trial court's order, and substituted a new paragraph four "in lieu thereof":

THAT on or about OCTOBER 20, 1998, claimant joint petitioned his [1997] claim ... for a total of $25,000.00; that when divided by claimant's rate of $134.82 equals 185 weeks which must elapse from the last date [TTD] was paid (NOVEMBER 14, 1997) before the ... Fund begins weekly payments to claimant (less attorney fee).

Fund now seeks review in this Court, asserting pure error of law by the appellate tribunal in determining the starting date of Fund's obligation to pay by reference to the date of the last TTD payment.

¶6 The existence of the Fund and its liability to a "physically impaired person" for materially increased disability as a result of combination of disabilities is entirely statutory. 85 O.S. §§ 171, 172; *Stidham v. Special Indem. Fund,* 2000 OK 33, ¶11, 10 P.3d

880, 886. "[T]he law in effect at the time of the subsequent injury is the law to be used in fixing the liability of the Fund." *Special Indem. Fund v. Archer,* 1993 OK 14, ¶9, 847 P.2d 791, 794–795. At the time of Claimant's subsequent injury, § 172 provided:

B. If such combined disabilities constitute permanent total disability, as now defined by the Workers' Compensation Act, then the employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent injury. In addition, the employee shall receive full compensation for his combined disability, as above defined, all of which shall be computed upon the schedule and provisions of the Workers' Compensation Act. The employer shall be liable only for the degree of percent of disability which would have resulted from the latter injury if there had been no preexisting impairment. *After payments by the employer or his insurance carrier have ceased,* the remainder of such compensation shall be paid out of the ... Fund provided for in Section 173 of this title, in periodic installments. . . .

. . .

E. *All weekly payments for permanent partial disability shall be paid before any claim for benefits against the Special Indemnity Fund may be paid.* In the case of a lump-sum permanent partial disability award or settlement, such award or settlement shall be divided by seventy percent (70%) of the employee's weekly wage up to a maximum of fifty percent (50%) of the state's average weekly wage, to determine the number of weeks which must elapse before a claim against the Special Indemnity Fund may be paid.

85 O.S. Supp.1995 § 172. (Emphasis added.)

¶7 In this appeal, the parties do not challenge the determination that the lump sum paid according to the joint-petition settlement of Claimant's subsequent injury claim equates to 185 weeks of benefits at Claimant's rate of compensation. Fund argues the employer's payments to Claimant for PPD ceased, and all PPD payments had been made, as of the date of the joint petition lump-sum settlement in October 1998, and

that its obligation to pay PTD benefits did not consequently arise under §§ 172(B) and (E) until 185 weeks after filing of the joint petition. Claimant responds, arguing that the right to payment of benefits for PPD accrues at the time payment of benefits for TTD cease, that the evidence showed the employer's last payment of TTD to Claimant in November 1997, and that under §§ 172(B) and (E), Fund's obligation to pay arose 185 weeks after the date of the last TTD payment.

¶ 8 In *Stidham,* the Supreme Court held the Workers' Compensation Court lacked the *jurisdictional power and authority* to direct Fund's immediate payment of PTD benefits from and after the date of the joint-petition settlement of the subsequent-injury claim as contrary to § 172(E):

> ... In the case now before us, the trial tribunal entered an order directing that payments from the Fund begin immediately after the benefits of a lump-sum award became the claimant's due according to the terms of settlement with the last employer. Because the acceleration-of-payment provision in the ... award [against Fund] (a) is apparent upon the face of the proceedings and (b) constitutes an act then beyond the trial tribunal's power, there was no error in the Workers' Compensation Court's refusal to enforce that portion of the contested award....

2000 OK 33, ¶ 14, 10 P.3d at 887. (Footnotes omitted.)

¶ 9 *Stidham* thus clearly establishes that under the version of § 172(E) now in scrutiny, payments from Fund "may not commence until employer-paid weekly benefits had come to an end, or in the case of a lump-sum award (or settlement), until a statutory calculation of time for payment would have passed." 2000 OK 33, ¶ 13, 10 P.3d at 887. The Supreme Court in *Stidham* however-

er, did not establish from what date—whether the date of the joint-petition, lump-sum settlement of the subsequent injury claim, or the date marking the beginning of the PPD period compensated by the lump-sum payment—triggered the "statutory calculation of time for payment" of employer's PPD obligation as to give rise to Fund's obligation to pay under § 172(E).

¶ 10 As we read the cases, where a claimant suffers TTD followed by PPD, the right to payment of benefits for PPD arises when the payments for TTD end. *See, e.g., Industrial Track Const. Co. v. Colthrop,* 1933 OK 67, 162 Okla. 274, 19 P.2d 1084 (period of compensation for "other cases" PPD begins at the expiration of the TTD period, not from date of the PPD award).[1] Moreover, the plain language of § 172(E), in our view, evinces the Legislature's intent to treat all Fund claimants alike, regardless of the mode of payment of PPD benefits, and we are required, by the rules of statutory construction, to effect that which is so clearly expressed. *See, e.g., Toxic Waste Impact Group, Inc. v. Leavitt,* 1988 OK 20, ¶ 10, 755 P.2d 626, 630.

¶ 11 Because the right to payment for PPD accrues at the time payments for TTD end, and because under §§ 172(B) and (E), Fund's liability to pay is triggered by the fulfillment of employer's PPD obligation either in lump sum or periodically, we conclude that when a previously impaired person settles his/her subsequent injury claim for payment in lump sum, the statutory calculation of time for payment of employer's PPD obligation under § 172(E), as it existed at the time of the Fund claimant's subsequent injury, is triggered by the date of the last payment for TTD attributable to the subsequent injury. To hold otherwise treats Fund claimants receiving weekly PPD payments from their employer differently than Fund claim-

---

1. See also, *Bill Hodges Truck Co. v. Gillum,* 1989 OK 86, ¶ 6, 774 P.2d 1063, 1065 (adjudication of PPD is appropriate when TTD ends, i.e., when "the worker's healing period has come to an end and his condition or state of health has reached the very optimum that is then medically attainable"); *Hamilton & Hartman v. Badgett,* 1933 OK 333, 164 Okla. 31, 22 P.2d 350 (compensation for PPD can commence only when compen-

sation for TTD ceases); *Briscoe Const. Co. v. Listerman,* 1933 OK 198, 163 Okla. 17, 20 P.2d 560 (PPD award does not become effective until the expiration of the period of TTD); *Magnolia Petroleum Co. v. Allred,* 1932 OK 736, 160 Okla. 126, 16 P.2d 78 (period of compensation for PPD commences with the beginning of the PPD, not the date of the award.)

ants accepting settlement of their PPD claim in lump sum *dependent solely on the date of disposition of the subsequent injury claim*, afoul of the clear language of § 172(E) treating all Fund claimants alike, and accords § 172(E) a potentially unconstitutional construction, a result we cannot endorse. *Baptist Medical Center of Oklahoma, Inc. v. Aguirre*, 1996 OK 133, ¶ 11, 930 P.2d 213, 219.[2]

¶ 12 We therefore hold the three-judge panel committed no pure error of law in directing Fund to commence payment of PTD benefits to Claimant-after expiration of the "statutory calculation of time for [employer's] payment" of PPD benefits-by reference to the date of the last payment of TTD. The order of the three-judge panel is SUSTAINED.

¶ 13 ADAMS, P.J., and JONES, J., concur.

**2.** "[A] statute ... must be given that meaning which will free it from constitutional doubt rather than one which would leave it fraught with some lingering fundamental-law infirmities."