2008 OK CIV APP 67

**David STENHOUSE, Petitioner/Appellant,**

v.

**MULTIPLE INJURY TRUST FUND and the Workers Compensation Court, Respondents/Appellees.**

**No. 105,151.**

Court of Civil Appeals of Oklahoma, Division No. 4.

June 18, 2008.

Pamla K. Cornett, Robert A. Flynn, Tulsa, OK, for Petitioner/Appellant.

Georgiana Peterson, Oklahoma City, OK, for Respondent/Appellee

DOUG GABBARD II, Presiding Judge.

¶1 Claimant, David Stenhouse, seeks review of the workers' compensation court's order denying his claim for benefits from the Multiple Injury Trust Fund for lack of prosecution. After review, we vacate the order and remand for further proceedings.

## FACTS

¶2 Claimant filed his Form 3 in January 1999, alleging he had suffered a compensable work-related injury on December 3 and 8, 1998. In December 2001, he and his employer, Payne Exterior Systems, entered into a joint petition settlement. Claimant received $55,000, less attorney's fees of $11,000 and expenses of $1,466. The parties agree that Claimant received payment in full on December 10, 2001.

¶3 The joint petition settlement was noted in a supplemental order of the workers' compensation court, dated January 7, 2002. The order stated Claimant had been found to be 47.5 percent permanently partially disabled (PPD) to the back, both shoulders, and neck, over and above a pre-existing disability of 4.4 percent and a 15 percent permanent disability to the back as a *Crumby* finding.[1] The next day, January 8, 2002, Claimant filed a Form 3–F seeking combined disability benefits against the Multiple Injury Trust Fund.

¶4 The record contains nothing further until January 11, 2007, when Claimant filed a Form 9/Motion to Set for Trial, seeking permanent total disability. The Fund filed an answer and later asserted the claim should be denied due to want of prosecution. The Fund argued the applicability of what is now 85 O.S. Supp.2007 § 43(B):

> When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within three (3) years from the date of filing thereof or within three (3) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder.

¶5 The workers' compensation court agreed with the Fund, and dismissed the claim, stating:

> THAT to the extent that the Multiple Injury Trust Fund is arguing that the 3–F claim is untimely under 85 O.S. Section 43(B)(1998 Supp.), the Court finds that this defense is SUSTAINED. As recognized in the Court of Civil Appeals in *Carlile*, "the only protection the [Special Indemni-

---

1. The term *"Crumby* finding," referring to *J.C. Penney Co. v. Crumby,* 1978 OK 80, 584 P.2d 1325, relates to a rated assessment by the workers' compensation court of the amount of pre- existing unrelated impairments suffered by a claimant at the time the work-related injury occurred. *Hammons v. Okla. Fixture Co.,* 2003 OK 7, n. 11, 64 P.3d 1108, 1110.

ty] Fund has against delayed claims is the requirement that claimant diligently prosecute the claim. 85 O.S. § 43(B)." 1997 OK CIV APP 14, 939 P.2d 26, paragraph 6. The 5 year limitation of 85 O.S. § 43(B) was effective on claimant's dates of injury. The Joint Petition was filed on DECEMBER 10, 2001; the 3–F combined injury claim was filed on JANUARY 8, 2002. There was no activity in the case between the filing of the 3–F combined injury claim and the JANUARY 11, 2007 motion to set for trial on the issue.[2]

¶ 6 By a 2–1 vote, a three-judge panel affirmed. Claimant now seeks our review.

## STANDARD OF REVIEW

¶ 7 Since the facts are undisputed, and the issues involved are legal ones concerning the Fund's statutory liability, we review the decision *de novo*, or without deference. *Multiple Injury Trust Fund v. Pullum*, 2001 OK 115, ¶ 8, 37 P.3d 899, 903–04.

## ANALYSIS

■■■ ¶ 8 As mentioned, 85 O.S. Supp. 2007 § 43(B), the want of prosecution statute, is the Multiple Injury Trust Fund's "only protection . . . against delayed claims." *Special Indemnity Fund v. Carlile*, 1997 OK CIV APP 14, ¶ 6, 939 P.2d 26, 27 (approved for publication by the Supreme Court). Under the statute, a claim is barred if the claimant fails to request a hearing and final determination within three years from either of two events: (a) the date of filing of the claim or (b) the date of last payment of compensation or wages in lieu thereof.

¶ 9 In the present case, Claimant requested a hearing on January 11, 2007, more than three years after January 8, 2002, the date his claim was filed. His request was also made more than three years after December 10, 2001, the date he concedes that *actual* payment of compensation was made pursuant to the settlement petition.

¶ 10 However, Claimant has shown that had his PPD benefits been paid out weekly, rather than in a lump sum, the applicable schedule would have provided for payments of compensation until May 2006. While that may seem irrelevant, because his benefits were not paid weekly, the reality is that our courts have consistently held that the date of the conclusion of equivalent weekly payments is to be used for determining the Fund's liability because of "the Legislature's intent to treat all Fund claimants alike, regardless of the mode of payment of PPD benefits. . . ." *Multiple Injury Trust Fund v. McGary*, 2001 OK CIV APP 68, ¶ 10, 24 P.3d 896, 899.

¶ 11 The Supreme Court applied this principle to a "lapse-time" provision in what is now 85 O.S. Supp.2007 § 172, and concluded that a claimant receiving a joint petition settlement lump sum for permanent partial disability could not seek an award from the Fund until the conclusion of equivalent weekly payments for the same injury-what the Court called "an equivalent statutorily-prescribed/formula-based time period." *Pullum* at ¶ 9, 37 P.3d at 904; *Barnhill v. Multiple Injury Trust Fund*, 2001 OK 114, ¶ 14, 37 P.3d 890, 897. Under those decisions, until the date of the conclusion of the equivalent weekly payments, and not the date of the joint petition settlement, the workers' compensation court lacks authority to order the Fund to make payments to claimants. *Id.*[3] Applying the date attributable to the equivalent weekly payment, and not the date of the settlement payment, was also followed in *McGary*, 2001 OK CIV APP 68, ¶ 11, 24 P.3d 896, 899.

¶ 12 Under these decisions, Claimant's "last payment" for purposes of § 43(B) was

---

**2.** Though the trial court referred to the 1998 statutory version of § 43(B), the court actually applied an earlier version providing a five-year period, instead of the three-year period provided for by the statute in place at the time of the accident. However, the difference in the time periods is immaterial, since the time between the filing of Claimant's claim and the filing of his motion for a hearing was five years and three days, more than allowed under either version of the statute.

**3.** Those decisions rejected the argument that 1999 and 2000 amendments to the statute applied retroactively to allow for accrual of permanent total disability benefits. Those amendments would also not apply to the instant case; like the injuries in *Pullum* and *Barnhill,* the injury in the instant case occurred prior to the amendments' passage.

effectively made in May 2006, when the final payment of an equivalent number of weekly PPD payments would have been made. Thus, his Form 3–F was timely filed within three years of that date. While Claimant has not explained why he waited until January 11, 2007, to request a trial, relevant Supreme Court precedent compels us to conclude that the dismissal was not justified by 85 O.S. Supp.2007 § 43(B).

## CONCLUSION

[4] ¶13 The Legislature has expressed the intent to treat all Fund claimants alike, regardless of the mode of payment of PPD benefits, "and we are required, by the rules of statutory construction, to effect that which is so clearly expressed." *McGary* at ¶10, 24 P.3d at 899. Accordingly, the workers' compensation court's decision is vacated and remanded to allow consideration of Claimant's 3–F claim.

¶14 VACATED AND REMANDED FOR FURTHER PROCEEDINGS.

RAPP, C.J., and BARNES, J., concur.